Barnard, P. J.
The general rule in respect to the interterest of partners in lands purchased for, and appropriaated to, partnership purposes, and paid for with partnership funds, is well settled. Such lands are partnership assets, even if the title is taken in the individual name of the persons composing the firm. The legal effect of the deed is to create the individuals tenants in common in the lands. Parol proof is admissible to show that the lands were purchased for partnership purposes, and paid for with partnership funds. If these facts are established, then the lands become partnership assets, and pass to the survivor as personal property would, charged with the liability of partnership property to pay the partnership debts. Columb v. Reid, 24 N. Y., 505; Hiscock v. Phillips, 49 id., 47; Fairchild v. Fairchild, 64 id., 471.
Under these cases the proof makes out the plaintiff’s complaint. The property consists of two pieces. In 1868, Bird, *572 one of the firm of Bird and Boggs, owned one-half of one piece, and one Blookfield the other half. This property was held under lease by Boggs, and the lease run until 1875. In 1874 Boggs conveyed one-half of the lease to Bird, and they called in one Myers as a witness to the agreement between the parties. Boggs said to Myers in Bird’s presence that his lease was soon to expire, and that he had no money,-but that Bird had asked him to continue in the business with him, and that Bird was to let him have money to buy one-half of the leased premises, and that the property was aE to be put into the business of the partnership. Boggs did purchase this one-half, and did pay for it with the partnership funds. This purchase was made in 1875.
In 1873 the partners purchased the Van Nostrand property, which adjoined the other piece, and which was used as part of the premises on which the business was done. A marine railway was on each piece, and both were used in the business as one property. This purchase was paid for with the partnership money.
The finding, therefore, that the lands were taken as tenants in common is not sustained by the evidence. Whether the plaintiff has a claim against the partnership, and whether the sale was real, or made with an intent to change the title for the benefit of Bird, is not presented by the findings and judgment.
■ The referee decided against the partnership ownership of the property, and while there may be no debt, and no equity in plaintiff which entitled him to reach the land, there should be a new trial upon the questions passed upon by the referee.
Judgment reversed and a new trial granted at special term, costs to abide event.
Barnard, P. J., and Cullen, J., concur.